IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARLAND DOLLAR GENERAL LLC, § § Plaintiff, § § § Civil Action No. 3:09-CV-0707-D VS. § § REEVES DEVELOPMENT, LLC, § et al., § § § Defendants. § | |

MEMORANDUM OPINION
AND ORDER

R-Delta Engineers, Inc. ("R-Delta") moves to dismiss the first amended third-party complaint of third-party plaintiff Reeves Development, LLC ("Reeves Development").[1]  Plaintiff Garland Dollar, LLC ("Garland Dollar") moves for leave to file a first amended complaint.  The court denies R-Delta's motion to dismiss without prejudice as premature, and it grants Garland Dollar's motion for leave to file a first amended complaint.

I

Garland Dollar operates a Dollar General retail store in Garland, Texas.  In 2007 Garland Dollar purchased a retail store facility constructed by Reeves Development.  Garland Dollar discovered that design or construction flaws had allowed moisture

---

[1]The court granted Reeves Development's motion to file its first amended third party complaint on April 12, 2010, after R-Delta filed its motion.  Reeves Development had not yet filed the first amended third party complaint on the date R-Delta filed its motion to dismiss, nor has it as yet filed the first amended third party complaint.

to infiltrate the building and that the building's foundation had moved.  Garland Dollar sued Reeves Development in state court, alleging claims for breach of contract, negligence, and breach of warranty.  Reeves Development removed the case to this court.

Several months after the case was removed, Reeves Development obtained leave to file a third-party action against several third-party defendants, including R-Delta.  R-Delta is an engineering services firm whom Reeves Development retained to perform a drainage study for the land on which the store was built, provide engineering plans for the store, and otherwise assist in the store's construction.  In its third-party complaint, Reeves Development asserted claims against R-Delta for breach of contract, negligence, and breach of express warranty.  Reeves Development essentially alleged that R-Delta provided poor quality engineering services that resulted in Reeves Development's potential liability to Garland Dollar, and it sought contribution for any amount it was required to pay to Garland Dollar.

R-Delta responded to Reeves Development's third-party action by filing motions to dismiss under Fed. R. Civ. P. 12(b)(1) and (6).  In its Rule 12(b)(6) motion, R-Delta maintained that contribution was a remedy only available in tort and that Reeves Development's claims for contribution must be dismissed as a matter of law.  Reeves Development thereafter sought leave to file a first amended third-party complaint against R-Delta.  The court granted

that motion after R-Delta filed the instant motion to dismiss. Reeves Development has not yet filed the pleading.[2]

Garland Dollar moves for leave to file a first amended complaint. It essentially seeks to add as defendants the third-party defendants whom Reeves Development has sued. Randy Goodloe ("Goodloe"), presently a third-party defendant, opposes the motion, contending that Garland Dollar's proposed first amended complaint is not supported by an affidavit that complies with Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a) (Vernon 2009). Section 150.002(a) requires, *inter alia*, that in any action for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff must file with the complaint an affidavit of a third-party licensed architect or licensed professional engineer who meets certain statutory qualifications.[3]

---

[2] Subject to its motion to dismiss, R-Delta also moved for leave to file a first amended answer to Reeves Development's first amended third-party complaint. The court granted that motion on April 12, 2010, and it entered a corrected order on May 17, 2010. Because Reeves Development has not yet filed the first amended third-party complaint, R-Delta can defer filing the first amended answer, despite the deadlines set out in the orders of April 12, 2010 and May 17, 2010, until 14 days after Reeves Development files the first amended third-party complaint.

[3] Section 150.002(b) provides:

> The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment,

II

A

R-Delta's motion to dismiss is denied without prejudice as premature because Reeves Development had not yet obtained leave to file (nor filed) its first amended third-party complaint as of the date R-Delta filed its motion to dismiss.

B

Because Reeves Development will presumably file its first amended third-party complaint, and because R-Delta's motion to dismiss appears meritorious, the court will address the motion so that when Reeves Development files the amended pleading, it can address the defects discussed in this memorandum opinion and order.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While "the pleadings standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Ashcroft v. Iqbal*, ____ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

---

opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.

- 4 -

U.S. 544, 555 (2007)).  And "'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion, "[t]he 'court accepts all well-pleaded facts as true viewing them in the light most favorable to the plaintiff.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive the motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.; see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-that the pleader is entitled to relief."  *Iqbal*, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)) (alteration omitted).

C

R-Delta characterizes Reeves Development's claim as one for common law indemnity. Except in certain circumstances not pertinent here, no common law right to indemnity exists in Texas. *See Interstate Contracting Corp. v. City of Dallas, Tex.*, 2000 WL 1281198, at *4 (N.D. Tex. Sept. 8, 2000) (Lynn, J.) (citing *B & B Auto Supply, Sandpit & Trucking Co. v. Cent. Freight Lines*, 603 S.W.2d 814 (Tex. 1980)). Reeves Development labels the claim as one for "Breach of Contract." Proposed Am. 3d-Party Compl. 4. The theory under which Reeves Development seeks relief, however, is unclear. It alleges that

> [Reeves Development] and [R-Delta] entered into a valid and enforceable contract. The contract provided that [R-Delta] would prepare detailed engineering plans from which [Reeves Development] would rely upon to construct the building. Further, [R-Delta] agreed to perform a drainage study before construction of the building. [Reeves Development] fully performed its contractual obligations by paying [R-Delta] for the goods and services. [R-Delta] breached the contract by providing improper engineering plans and a drainage study which allowed moisture to infiltrate the building and foundation and cause damage. Accordingly, [Reeves Development] seeks common law indemnity from [R-Delta] to defend against [Garland Dollar's] claims.

*Id.* at 4, ¶ 4.01. Reeves Development seeks "damages based on common law indemnity" and attorney's fees. *Id.* at 4, ¶ 5.01.

To establish a claim for breach of contract under Texas law, Reeves Development must prove (1) the existence of a valid

contract, (2) that Reeves Development performed or tendered performance of its duties under the contract, (3) R-Delta breached the contract, and (4) Reeves Development suffered damages as a result of the breach. *See, e.g., Lewis v. Bank of Am. NA*, 343 F.3d 540, 545 (5th Cir. 2003). Reeves Development has failed to allege that it was injured by R-Delta's breach. Although it avers that the building was damaged by the movement of the foundation and the infiltration of moisture, it has not alleged that these occurrences caused it harm.

Further, Reeves Development cannot bring a contribution claim framed as an action for breach of contract. In *Interstate Contracting* a contractor sued a city for additional expenses that the contractor had incurred due to alleged inaccuracies in engineering plans. The city, in turn, brought a breach of contract claim against the firm that had provided the plans. *Interstate Contracting*, 2000 WL 1281198, at *2. In its third-party complaint, the city alleged that, if an adverse judgment were rendered against it, the court should render judgment against the engineering firm and for the city in the amount of the damages the city incurred. *Id.* at *4. Judge Lynn held that because the city made its entire claim contingent on the contractor's recovery against it, the claim was actually one for indemnity, which was not available under Texas law. *Id.*

- 7 -

By alleging that it seeks "common law indemnity" and "damages based on common law indemnity," Reeves Development appears to make its recovery contingent on Garland Dollar's obtaining a recovery. While Reeves Development's ultimate liability to Garland Dollar may affect the damages it incurred as a result of R-Delta's alleged breach of contract, Reeves Development has failed to plead that it has actually suffered damages. Accordingly, when filing its first amended third-party complaint, Reeves Development must, if it can, rectify this deficiency; otherwise, the claim will be subject to dismissal for failure to state a claim on which relief can be granted.

III

The court turns next to Garland Dollar's motion for leave to amend.

A

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "The court should freely give leave when justice so requires." Rule 15(a)(2). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The court may consider factors such as undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.  *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  When, as here, a party files a motion for leave to amend by the court-ordered deadline,[4] there is a "presumption of timeliness."  *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb.7, 2002) (Fitzwater, J.).

B

Garland Dollar's proposed first amended complaint merely adds negligence and breach of warranty claims against defendants who are already parties to this lawsuit as third-party defendants.  Garland Dollar's proposed first amended complaint alleges essentially the same facts that Reeves Development asserts in its third-party action.  Through Reeves Development's claims, the third-party defendants are already aware of the basic nature of Garland Dollar's claims and of their alleged role in the construction of the property now owned by Garland Dollar.  Subject to the discussion set out *infra* in § III(C), there is no apparent reason to deny Garland Dollar's motion.

---

[4]The court's July 13, 2009 scheduling order established April 1, 2010 as the deadline for a party to file a motion to amend the pleadings.

- 9 -

C

Garland Dollar pleads state-law claims, and Reeves Development removed the lawsuit to this court based on diversity jurisdiction. Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." Diversity jurisdiction depends on complete diversity of the parties. *See* 28 U.S.C. § 1332(a)(1); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." (emphasis in original)).

Because it is not apparent from the proposed first amended complaint that Garland Dollar and any newly-joined defendant are citizens of the same state, the court will allow Garland Dollar to join these defendants. But Garland Dollar must adequately plead diversity of citizenship. For example, in the proposed first amended complaint, Garland Dollar alleges that it is a Washington limited liability corporation, that Reeves Development and defendant Houma Texas Dollar Partners LLC are Texas limited liability companies, and that Goodloe is a "non-resident of Texas." Proposed 1st Am. Compl. 3. But "the citizenship of a LLC is determined by the citizenship of all its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (collecting

cases). And alleging that a party is not a citizen of a particular state does not properly allege the party's citizenship. It is improper to allege diversity of citizenship without distinctly and affirmatively alleging the citizenship of each party. *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (holding that allegation that defendant was not citizen of particular states did not establish citizenship for diversity purposes). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Id.* (citing *Ill. Gulf Cent. R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). The rules are straightforward and demand strict adherence. *Id.*

Accordingly, when Garland Dollar files its first amended complaint, it must properly plead its own citizenship and the citizenship of each defendant (including defendants who are currently third-party defendants) so that the court can ensure that this case need not be remanded under 28 U.S.C. § 1447(e) once Garland Dollar amends to join these defendants.

D

Garland Dollar must also file with its first amended complaint an affidavit that complies with Tex. Civ. Prac. & Rem. Code Ann. § 150.002.

\*   \*   \*

R-Delta's March 5, 2010 motion to dismiss is denied as premature, and Garland Dollar's March 31, 2010 motion for leave to file a first amended complaint is granted. Garland Dollar must file the first amended complaint—electronically or on paper—within 14 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

May 17, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE